UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

| Case No. | 2:10-cr-00567-RGK-1<br>2:20-cv-11830-RGK | Date | August 3, 2022 |
|---|---|---|---|
| Title | United States of America v. Raphael Munoz Gonzalez | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE |
|---|---|

| Joseph Remigio (not present) | Not Reported | Abigail W. Evans |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Assistant U.S. Attorneys |

| U.S.A. v.<br>Gonzalez | Present | Cust<br>X | Bond | Attorneys for Defendants:<br>Brianna Fuller Mircheff | Present | App<br>X | Ret |
|---|---|---|---|---|---|---|---|

**Proceedings:**   (IN CHAMBERS) Order Re: For Reconsideration [DE 10]

On December 4, 2012, Raphael Munoz Gonzalez ("Defendant") was convicted on seven counts for violation of (1) 18 U.S.C. § 1962 (c) & (d) (Counts 1 and 2: RICO and RICO Conspiracy); (2) 18 U.S.C. § 1959 (Counts 5 and 6: violent crime in aid of racketeering) ; (3) 21 U.S.C. § 846 (Count 7: conspiracy to distribute methamphetamine); and (4) 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (Count 8: possession with intent to distribute methamphetamine); and (5) 18 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(B)(i) (Count 9: use and possession of a firearm during and relation to and in furtherance of a crime of violence or drug trafficking crime). On March 7, 2013, the Court sentenced Defendant to life imprisonment. Defendant appealed to the Ninth Circuit Court of Appeal, and on September 6, 2017, the court affirmed the conviction and sentence.

On June 17, 2020, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. On July 1, 2022, the Court granted Defendant's motion and vacated the 60-month sentence imposed pursuant to Defendant's conviction under Count 9 of the Indictment. The Court left the remaining portion of the original sentence intact, and did not order a resentencing.

On July 13, 2022, Defendant filed the current Motion for Reconsideration seeking resentencing under the sentencing package doctrine. For the following reasons, the Court **DENIES** Defendant's Motion.

Under *Troiano v. United States*, the Ninth Circuit held that even where a court groups a defendant's counts of conviction to fashion a sentencing package, it is in the court's discretion as to whether it will restructure the sentence when only one of the counts is vacated. 918 F.3d 1082, 1086-87 (9th Cir. 2019). As the court states, "'the district court *is free* to put together a new package reflecting its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | 2:10-cr-00567-RGK-1<br>2:20-cv-11830-RGK | Date | August 3, 2022 |
|---|---|---|---|
| Title | *United States of America v. Raphael Munoz Gonzalez* | | |

considered judgment as to the punishment the defendant deserves for the crimes of which he is still convicted.'" *Id.* at 1987 (emphasis in original)(quoting *United States v. Handa*, 122 F.3d 690, 692).

Here, while a *mandatory* life sentence would be off the table if the First Step Act applied to Defendant's conviction, the guideline range would still include a life sentence. Considering the facts of the case, the nature of the charges on which the jury found Defendant guilty, and other sentencing factors, the Court, in its discretion, will not conduct a resentencing.

Defendant's Motion is **DENIED**.

**IT IS SO ORDERED.**

Initials of Preparer _____ : _____